UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SELECTBUILD NEVADA, INC., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>S&S CONCRETE & MATERIALS, LLC, )<br>)<br>Defendant. )<br>) | Case No.: 2:10-cv-02142-GMN-RJJ<br><br>**ORDER** |

This lawsuit was originally filed on January 13, 2010 in the Eighth Judicial District Court of Clark County, Nevada.  On December 9, 2010, Defendant removed the case to this Court, contending that diversity jurisdiction exists and that Defendant first learned that the case was removable on December 7, 2010.  Plaintiff subsequently filed a Motion to Remand (ECF No. 8), contending that removal was untimely and that Defendant has failed to meet its burden of showing that there is complete diversity of citizenship.  Plaintiff also requested attorney's fees in that Motion.  Defendant filed a Response (ECF No. 9), to which Plaintiff filed a Reply (ECF No. 12).  For the reasons that follow, Plaintiff's Motion will be granted, though it will not be awarded fees.

**I.    REMOVAL WAS PROCEDURALLY PROPER**

Title 28, section 1446(b) of the United States Code provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Defendant contends that Plaintiff's initial Complaint was not removable because it did not demonstrate that the amount in controversy was in excess of $75,000.00. Instead, Defendant argues that the document that first put it on notice that the case was removable was Plaintiff's First Supplement to Initial Early Arbitration Conference Case Disclosures, which was provided to Defendant on December 7, 2010 and alleged damages of $544,776.00. (*See* Resp. 3:10-13, ECF No. 9.)

Plaintiff, however, cites to the Prayer for Relief contained in its January 2010 Complaint as demonstrating that the amount in controversy in this lawsuit has always clearly been in excess of $75,000.00. That portion of the Complaint states:

> WHEREFORE, Plaintiff SELECTBUILD NEVADA, INC., prays for relief from this Court as follows:
>
> 1. For an award of compensatory damages in excess of $50,000, a specific amount to be determined at the time of trial;
>
> 2. For an award of general damages in excess of $50,000, a specific amount to be determined at the time of trial;
>
> 3. Punitive damages;
>
> 4. The maximum pre-judgment and post-judgment interest as provided by law;
>
> 5. For an award reimbursing Plaintiff's reasonable attorneys' fees, costs and expenses incurred in the prosecution of this matter; and

      6.    For such other and further relief as the Court deems just and proper.

(Compl. 8-9, Ex. A, ECF No. 1.) Analyzing the language of this section, Plaintiff argues: "A cursory review of SelectBuild's prayer for relief set forth in its Complaint reveals that SelectBuild sought both 'compensatory damages in excess of $50,000' *as well as* 'general damages in excess of $50,000.' . . . $50,000.00 + $50,000.00 = $100,000.00." (Reply 4:14-18, ECF No. 12.)

     What Plaintiff fails to realize, however, is that general damages are a type of compensatory damages. *See Black's Law Dictionary* 446 (9th ed. 2009) (defining "general damages" as "[d]amages that the law presumes follow from the type of wrong complained of; specif., compensatory damages for harm that so frequently results from the tort for which the party has sued that the harm is reasonably expected and need not be alleged or proved."). Thus, the Complaint's Prayer for Relief does not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction," *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 690 (9th Cir. 2005) (internal quotation marks omitted), as required for a Complaint to be removable. Rather, the Prayer for Relief is, at best, unclear. Although it is true that, if viewed generously, the Prayer for Relief could be construed as indicating that Plaintiff is seeking at least $100,000 in damages, it could more easily be viewed as simply nonsensical. As the first numbered paragraph in the Prayer for Relief already requests compensatory damages in excess of $50,000, Plaintiff's second paragraph, which is simply requesting a type of compensatory damages, could be read as needlessly redundant. The Complaint is therefore indeterminate with regard to whether Plaintiff's claim is actually in excess of $75,000.00, and such indeterminate pleadings do not initiate the thirty day removal window. *See Harris*, 425 F.3d at 695. Defendant does not appear to have received notice that the amount in controversy exceeded $75,000.00 until December 7, 2010, and the subsequent removal of the action two days later was therefore

procedurally proper.

## II. HOWEVER, DEFENDANT HAS FAILED TO ESTABLISH COMPLETE DIVERSITY OF CITIZENSHIP

Plaintiff also seeks remand because it contends that Defendant has not adequately demonstrated that complete diversity of citizenship exists in this case. Plaintiff is correct, and this lawsuit will be remanded.

A civil action brought in a state court may be removed by the defendant to a federal district court if the district court could have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331, or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a). However, even if complete diversity exists, a case cannot be removed if any of the defendants are citizens of the state in which the action is brought. 28 U.S.C. § 1441(b).

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The defendant has the burden of establishing that removal is proper. *Id.*

Defendant's Petition for Removal (ECF No. 1) sets forth the following facts in support of its position that diversity jurisdiction exists: "Upon information and belief, at all relevant times Plaintiff has been a Nevada corporation duly authorized to conduct business in Clark County, Nevada" and "Defendant has at all relevant times been an Arizona Limited Liability Company duly authorized to conduct business in Clark County, Nevada." (Pet. for Removal 2 ¶¶ 2-3, ECF No. 1.) Such allegations are insufficient to establish diversity jurisdiction, as limited-liability

companies are citizens of all of the states in which their constituent members are citizens, *see Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), so the citizenship of each of an LLC's members must be set forth in order to establish diversity jurisdiction.

In Defendant's Certificate of Interested Parties (ECF No. 2) and in the exhibits attached to its Response (ECF No. 9) to Plaintiff's Motion to Remand, Defendant demonstrates that it is owned in equal 50% shares by the Robert Swartzman Family Trust and the Michael J. & Ashia H. Stone Revocable Inter Vivos Trust, both of which are managed in Bullhead City, Arizona. (*See* Stone Decl., Ex. K, ECF No. 9.)  However, the Court's inquiry cannot end there, as "[a] trust has the citizenship of its trustee or trustees," *Columbia Properties Anchorage*, 437 F.3d at 899, so the citizenship of the trusts' trustees must also be examined.

Consequently, the Court ordered Defendant to:

> fully brief the citizenship of the Robert P. Swartzman and Denise D. Swartzman Family Trust and the Michael J. Stone and Ashia H. Stone Revocable Inter Vivos Trust at the time this action was commenced in state court and at the time this action was removed to this Court, bearing in mind that "[a] trust has the citizenship of its trustee or trustees," Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

(Minute Order, ECF No. 14.)  In its responsive brief (ECF No. 15), Defendant provided the trust agreements for both of the trusts, each of which sets forth the trust's trustees, (*see* Exs. D & E, ECF No. 15).  The Michael J. & Ashia H. Stone Revocable Inter Vivos Trust Agreement names Michael J. Stone and Ashia H. Stone as its trustees, (*see* Ex. D, ECF No. 15), and the Robert P. Swartzman and Denise D. Swartzman Family Trust Agreement establishes that Robert P. Schwartzman and Denise D. Swartzman are its trustees, (*see* Ex. E, ECF No. 15).  However, noticeably absent from any of the exhibits submitted in this case is an indication of Ashia H. Stone's place of residence, let alone the state in which she is a citizen.

Further, although the exhibits submitted by Defendant appear to indicate that Michael J. Stone, Robert P. Swartzman, and Denise D. Swartzman reside in Bullhead City, Arizona, they do not establish that those people are citizens of Arizona. Despite Defendant's argument that the trusts are citizens of Arizona because "[e]ach and every corporate and trust document identifies the trustees' residency as Bullhead City, Arizona," (Supp. Brief 3:23-24, ECF No. 15), one's residence does not determine one's citizenship, *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Rather, one's domicile, which is the place he or she resides "with the intention to remain or to which she intends to return," determines one's citizenship. *Id.* Yet, Defendant has failed to argue or provide evidence that Michael J. Stone, Robert P. Swartzman, and Denise D. Swartzman intend to remain in Arizona.

Ultimately, Defendant has failed to sustain its burden of setting forth the relevant citizenships of the parties to this action despite having been given ample opportunity to do so. The case must therefore be remanded, as diversity jurisdiction has not been established.

### III.  ATTORNEY'S FEES WILL NOT BE AWARDED

As Plaintiff acknowledges, (*see* Mot. 11:15-16, ECF No. 8), a court may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It does not appear as though the Defendant lacked a reasonable basis for seeking removal here: removal was timely, more than $75,000 was at stake, and it is possible that complete diversity of citizenship exists but was just not properly pleaded. The primary issue with the removal was Defendant's failure to properly set forth the citizenships of the parties, not that Defendant removed the case on some unreasonable basis. Accordingly, Plaintiff's request for attorney's fees will be denied.

### CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 8) is hereby

1  **GRANTED**, though its request for attorneys' fees is denied.  **The Clerk's Office is directed to
2  mail a copy of this Order to the clerk of the court for the Eighth Judicial District Court,
3  Clark County, Nevada.**
4  DATED this 21st day of July, 2011.

_____
Gloria M. Navarro
United States District Judge